UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**U.S. EQUAL EMPLOYMENT**
**OPPORTUNITY COMMISSION,**

    **Plaintiff,**

v.                                               **Case No.: 8:24-cv-2090-WFJ-AAS**

**RIVERS EDGE ENTERPRISES, LLC,**

    **Defendant.**
_____/

## ORDER

    Plaintiff Equal Employment Opportunity Commission (EEOC) moves to compel amended responses to EEOC's Requests for Production 4, 31, 32, 33, 34, 35, and 36. (Doc. 37, pp. 2–3). Defendant Rivers Edge Enterprises, LLC (REE) responds in opposition. (Doc. 39).

    This case concerns an alleged hostile work environment and retaliation against female employees at REE, a bar and restaurant in Gibsonton, Florida. (Doc. 1). Ronald, Robert, and Randall Cremeans own REE. (Doc. 37, p. 1). On February 7, 2025, EEOC served REE with its First Request for Production. (Doc. 37, p. 2). On March 20, 2025, REE served its responses to EEOC's requests. (Doc. 37, p. 2). From May 1, 2025 through July 21, 2025, EEOC and REE conferred regarding EEOC's concerns with REE's production. (Doc. 37, p. 4). This motion requests amended responses to EEOC's Requests for

1

Production 4, 31, 32, 33, 34, 35, and 36. (Doc. 37, pp. 2–3).

To respond to requests 4 and 31, REE produced 13 screenshots of text messages and 3 photos. (Doc. 37, pp. 2–3). REE confirmed their responsive production came from the self-collected search of only Ronald Cremeans's cell phone. (Doc. 37, p. 4). REE produced no email or text messages related to Charging Party Krystal Argila, nor any email or text messages from Robert Cremeans, Randall Cremeans, Dawn Drake, Won Tae Kim, or Wendy Monigold. (Doc. 37, p. 3). EEOC conferred with REE regarding the incomplete production, and REE conveyed to EEOC that they would engage a third-party ESI expert, E-Hounds, to collect ESI. (Doc. 37, pp. 4–5).

To respond to requests 32 and 33, REE responded "None." (Doc. 37-2, p. 3). REE did not conduct a supervised search or use EEOC's proposed search terms, and Robert and Randall Cremeans failed to search their phone and email accounts for responsive evidence in response to EEOC's requests. (Doc. 37, p. 5). After producing incomplete responses to requests 34 and 35, REE conveyed to EEOC they would engage E-Hounds to search Ronald Cremean's phone but objected to a search of Robert Cremean's phone. (Doc. 37, p. 5). To date, REE has not engaged E-Hounds or any other third-party ESI expert, nor has REE supplemented their production.

By **September 5, 2025**, REE is **DIRECTED** to amend their responses to EEOC's Requests for Production 4, 31, 32, 33, 34, and 35. This production is

2

to include relevant documents from Ronald Cremeans, Robert Cremeans, Randall Cremeans, Dawn Drake, Won Tae Kim, and Wendy Monigold. If the amended production is not appropriately responsive, EEOC may renew its motion to compel. REE is warned that the court may order forensic inspection of the relevant parties' personal phones or computers and award EEOC's reasonable attorney's fees if a proper search is not conducted.

> Request 36 reads:
>
> For 2024 and 2025 (or if not available, the most recent year available), provide: Defendant's audited financial statements (or unaudited if audited not available); (ii) documents sufficient to show Defendant's gross income, net income, and expenditures; (iii) Defendant's profit and loss statements; (iv) Defendant's complete state and federal corporate tax returns; and (v) Defendant's annual reports (that reflect its income) that it caused to be filed with any government department or agency.

(Doc. 37-1, p. 14). REE objected, stating "Overly broad and burdensome; not reasonably calculated to lead to discovery of admissible evidence." (Doc. 37-2, p. 3). It would not be unduly burdensome for REE to produce the 2024 and 2025 tax returns to EEOC, and the information is relevant to EEOC's claim for punitive damages. *See, e.g.*, *Soliday v. 7-Eleven, Inc.*, No. 2:09-cv-807-FtM-29SPC, 2010 WL 4537903, at *2 (M.D. Fla. Nov. 3, 2010). Accordingly, by **September 5, 2025**, REE is **DIRECTED** to produce their 2024 and 2025 tax return documents to EEOC.

EEOC also requests the court order REE to engage an ESI Vendor and

award EEOC their reasonable attorney's fess in bringing this motion. The interests of justice do not require this relief at the current stage. However, if these discovery inadequacies persist, the court may order REE to engage an ESI Vendor and award EEOC their reasonable attorney's fees incurred in bringing future discovery motions. For the reasons set forth above, the EEOC's motion to compel (Doc. 37) is **GRANTED-in-part and DENIED-in-part**.

      **ORDERED** in Tampa, Florida on August 20, 2025.

                                              AMANDA ARNOLD SANSONE
                                              United States Magistrate Judge