UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>-against-<br><br>RIVERS EDGE ENTERPRISES, LLC D/B/A RIVER'S EDGE BAR AND GRILL,<br><br>Defendant. | Case No. 8:24-cv-2090-WFJ-AAS |

**JOINT MOTION FOR APPROVAL OF CONSENT DECREE**

Pursuant to Federal Rules of Civil Procedure (7)(b)(1) and 65(d), Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") and Defendant Rivers Edge Enterprises, LLC ("Rivers Edge") (collectively, the "Parties"), by counsel, respectfully and jointly request that this Court approve and enter the attached Consent Decree.

**I.    Factual Background**

1.   EEOC is the federal agency responsible for enforcing federal laws prohibiting employment discrimination.

2.   EEOC filed this action on September 4, 2024 alleging that Krystal Argila ("Charging Party" or "Ms. Argila"), and other aggrieved female

1

employees were subjected to a sexually hostile work environment based on their sex, and by retaliating against Ms. Argila for complaining about the hostile work environment. This is an action under Title VII of the Civil Rights Act of 1964.

3. Rivers Edge denies these allegations and admits no wrongdoing or violation of the law.

4. Following the filing of EEOC's Complaint, the Parties vigorously litigated this matter and engaged in significant discovery efforts. As part of that process, the Parties exchanged multiple rounds of written discovery, filed discovery motions, and deposed several key witnesses.

5. On February 24, 2026 the Parties attended mediation before private mediator Marlene Quintana. The Parties engaged in a lengthy, arms-length mediation session, including significant negotiation of the monetary and injunctive terms of the Consent Decree. There was give and take on both sides during the negotiations.

6. After engaging in comprehensive settlement negotiations, the Parties agreed to resolve this action in the terms reflected in the executed Consent Decree signed on February 24, 2026, attached as Exhibit 1. The attached Consent Decree reflects the terms of the monetary and injunctive relief to which the Parties have agreed after contemplating the specific facts of the case.

7. The Parties respectfully request that the Court approve the proposed Consent Decree.

## II. Legal Analysis

### a. The Consent Decree Should Be Approved.

In the Eleventh Circuit, the district court must review a consent decree to ensure that it is not "unlawful, unreasonable, or inequitable." *United States v. City of Hialeah*, 140 F.3d 968, 973 (11th Cir. 1998). As set forth in *United States v. City of Jackson, Miss.*, 519 F.2d 1147 (5th Cir. 1975), a consent decree "is a highly useful tool for government agencies, since it maximizes the effectiveness of limited law enforcement resources; by reaching agreement with private parties as to the specifics of substantial compliance, the government may avoid the risks as well as the costs of full scale litigation of each point." *Id.* at 1151-52. Thus, where "the government has, to its satisfaction, successfully negotiated a comprehensive voluntary accord," *United States v. Allegheny-Ludlum Indus., Inc.*, 517 F.2d 826, 848-50 (5th Cir. 1975), the consent decree is entitled to a presumption of validity. *United States v. Bay Area Battery*, 895 F. Supp. 1524, 1528 (N.D. Fla. 1995). Indeed, when plaintiff is an executive branch agency responsible to enforce the statute that provides the basis for the consent decree, courts should defer to the agency's experience and expertise in handling such matters. *See id.*

As set forth in *Jones Creek Invs., LLC v. Columbia Cnty., Ga.*, No. CV 111–174, 2013 WL 164516 (S.D. Ga. Jan. 15, 2013), courts reviewing consent decrees look to whether there is "evidence that the consenting parties had anything other than an arm's length, good faith, settlement negotiation," and whether "the proposed Decree requires the . . . Defendants to bear the cost of the harm for which they are legally responsible." *Id.* at *2. Courts further look to whether the consent decree is consistent with the public objectives sought to be obtained by the legislation at issue. *Id.* at *2-3; *see also United States v. Miami-Dade Cnty., Fla.*, No. 12–24400–CIV, 2014 WL 7534027, at *3 (S.D. Fla. Apr. 10, 2014) (looking at the "good faith efforts of the negotiators, the opinions of counsel, and the possible risks involved in litigation," as well as whether the consent decree was consistent with the Clean Water Act). "So long as the settlement is fair, adequate, reasonable, and consistent with the goals of the applicable law, the court should approve the consent decree, even if its terms are not those the court itself might have fashioned, or considers as ideal." *United States v. Colonial Oil Indus., Inc.*, No. 4:24-CV-00069-RSB-CLR, 2024 WL 4291864, at *2 (S.D. Ga. Sept. 25, 2024) (citation omitted).

In this case, the Consent Decree is not "unlawful, unreasonable, or inequitable." The Parties vigorously litigated this matter at every juncture. The Parties exchanged written discovery, produced documents, took depositions and engaged in extensive motion practice. EEOC and Rivers Edge

4

both represented by experienced counsel and there was give and take by both Parties during the mediation process. The Parties litigated and negotiated this matter as opponents, and there is no suggestion of collusion in this litigation. *See, e.g.*, *Fla. Wildlife Fed'n, Inc. v. Jackson*, No. 4:08cv324-RH/WCS, 2009 WL 5217062, at *5 (N.D. Fla. Dec. 30, 2009) (approving Consent Decree where, among other factors, parties agreed to settle at arm's length, attorneys were experienced, and the "record includes not a hint of collusion.").

In addition, the Parties' Consent Decree reflects a compromise based on litigation risks. The amount of injunctive terms and monetary relief for the Claimants was the subject of significant negotiations. The agreed monetary relief of $65,000.00 was a reasonable compromise under the circumstances and in consideration of the litigation risks on both sides. This is a compromise figure that reflects the divergent positions of the Parties on the merits of the case.

In addition, the Consent Decree is consistent with the goals of Title VII. *See* Exhibit 1. It provides for training on the Title VII (Ex. 1 at ¶¶ 39-46), revision of policies based on Title VII (*Id.* at ¶¶ 30-38); appointment of an independent monitor (*Id.* at ¶¶ 23-29); monitoring, reporting and record-keeping (*Id.* at ¶¶ 48-52); and posting of a notice regarding this lawsuit (*Id.* at ¶ 47). *See, e.g., Colonial Oil Indus., Inc.*, 2024 WL 4291864, at *3 (noting that the consent decree furthers the goals of the Clean Air Act where it implements

corrective measures designed to reduce air pollution and serves the public interest by avoiding litigation). Importantly, these measures are designed to prevent sexual harassment and aim to protect the public interest. Accordingly, for this additional reason, the Decree is lawful, reasonable, and equitable.

### b. The Consent Decree Conforms to Fed. R. Civ. P. 65(d).

The Court must consider whether the Consent Decree conforms to Rule 65 of the Federal Rules of Civil Procedure. Here, the Parties' Consent Decree does conform to Rule 65 because it states the reasons for its issuance; sets forth the specific terms with which the Parties must comply; and describes in detail the acts restrained and required.

For example, the Consent Decree provides a summary of the allegations and states that the Parties signed the Decree "in the interest of resolving this matter, to avoid further cost of litigation, and as a result of having engaged in comprehensive settlement negotiations . . ." (Ex. 1 at ¶¶ 2-3.) The Decree also provides for monetary relief for the Charging Party Ms. Argila and Class Member Penelope Scott. (*Id.* ¶¶ 12-16.)

The Consent Decree further provides for a three-year duration (*Id.* at ¶ 16). The Decree also identifies specific policy changes that Rivers Edge must make to its EEO policies (*Id.* at ¶ 11). The provisions of the Decree are clear and specific in that they enjoin clearly identifiable conduct. *See Ennels v. Ala. Inns. Assocs.*, 581 F. Supp. 708, 709 (M.D. Ala. 1984) (injunction enforceable

6

that "enjoined and restrained [defendant] from discriminating, on the basis of race, against any named plaintiff or any other black person in offering or furnishing service at Adam's in Montgomery, Alabama."). Accordingly, the Consent Decree conforms to Rule 65.

Therefore, the Parties respectfully request that the Court approve and execute the attached Consent Decree, and retain jurisdiction to enforce the terms of the Consent Decree. *See, e.g., Fla. Ass'n for Retarded Citizens, Inc. v. Bush,* 246 F.3d 1296, 1299 (11th Cir. 2001) (district court's assertion that plaintiffs should seek relief from consent decree by bringing a new lawsuit would "require the parties and the courts to waste judicial resources re-litigating issues which have been dealt with [and] it would also deny the plaintiffs the benefit of the bargain which was reached in the original consent decree and which defendants obliged themselves to provide.").

## III. Conclusion

For the foregoing reasons, the Parties respectfully request that this Court grant this joint motion for approval of the Consent Decree, execute the attached Consent Decree, administratively close this action, retain jurisdiction to enforce the terms of the Consent Decree, and enter any further relief that the Court deems equitable and just.

Dated: February 25, 2026

Respectfully submitted,

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

*/s/ Melissa M. Castillo*
Melissa M. Castillo
EEOC Trial Attorney
Florida Bar No. 1025338
melissa.castillo@eeoc.gov
Tel: (813) 710-9365
U.S. Equal Employment
Opportunity Commission
Tampa Field Office
501 E Polk St Ste 1000
Tampa, FL 33602-3924

*Counsel for Plaintiff, EEOC*

**THE FRALEY LAW FIRM, P.A.**

*/s/ Ronald W. Fraley*
RONALD W. FRALEY, ESQ.
Florida Bar No.: 747025
rfraley@fraleylawfirm.com
412 East Madison Street, Suite 813
Tampa, FL 33602
T (813) 229-8300

*Counsel for Defendant, River's Edge*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 25, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which electronically sends notice to all counsel of record in this matter.

*/s/ Melissa M. Castillo*
Melissa M. Castillo